## No. 834

### DAUB et v. FLETCHNER et

No. 19973. Supreme Court

On motion to certify. Dock. July 13, 1926; 4 Abs. 493.

**997. REAL PROPERTY—Where an ancestor grants a lease for gas and oil rights which lease provides for the payment of a certain royalty to the owner, does said royalty pass to the purchaser of the fee of this property from the heirs of the original lessor?**

This action was brought originally in the Sandusky Common Pleas to determine the owner of certain oil royalties on real estate.

It appears that one M. J. Daub leased oil and gas rights and that under said lease certain royalties were to be paid. Upon the death of Daub the property passed to his heirs at law, P. H. Daub, and Cora M. Bowlus. Subsequently this property was conveyed to certain purchasers and finally to Fletchner who claims that as purchaser he also acquired the royalty provided for by the lease.

The judgment of the Common Pleas in declaring that the royalty belonged to Daub was reversed by the Court of Appeals who adjudged the purchasers to be entitled to the royalties.

Daub in the Supreme Court contends:
1. That no appeal could be maintained in this action.
2. That the sale did not carry with it the right to royalties.

Attorneys—Taber, Chittenden, Northrup & Daniels, Toledo, for Daub; H. De Rau, Fremont, for Fletchner.

---

## No. 835

### INDEMNITY INS. CO. v. GARFIELD HEIGHTS (Village)

No. 19975. Supreme Court

On motion to certify. Dock. July 14, 1926; 4 Abs. 493.

**1139. SURETY BONDS—When no certificate that funds are available is made as provided in 3806 GC. is a surety bond given by a contractor to insure the faithful performance of a contract void by reason of said failure?**

This action was brought originally in the Cuyahoga Common Pleas by the village of Garfield Heights and certain material-men against the Indemnity Insurance Company of North America upon a bond which it had executed insuring the faithful performance of the contract between the village and the Dagher-Holland Construction Company for the construction of a sewer.

No certificate certifying that funds in the treasury are available for this particular work was given in accordance with 3806 GC.

The judgment of the Common Pleas in favor of the village and in dismissing the petitions and cross petitions of the material-men was affirmed by the Court of Appeals.

The Insurance Company in the Supreme Court contends:

1. That 3806 GC. is mandatory.

2. That the failure to make a certificate as provided by statute renders the contract null and void and that therefore the bond insuring the faithful performance of said contract is also of no effect and cannot bind the company.

Attorneys—J. B. Keenan for Company; Griswold, Green, Palmer & Hadden, & Tolles, Hogsett, Ginn & Morley for Village; all of Cleveland.

---

## No. 836

### SOLOMON et v. CLEVELAND (City) et

No. 19972. Supreme Court

Error to Court of Appeals. Dock. July 13, 1926; 4 Abs. 493.

**291. CONSTITUTIONAL LAW—Is an ordinance passed by a municipal corporation prohibiting the sale or distribution of any publication containing betting odds on horse races unconstitutional?**

This action was brought originally by Henry Solomon doing business as the Solomon News Company against the city of Cleveland in the Cuyahoga Common Pleas in an effort to have a certain ordinance declared unconstitutional.

The city of Cleveland passed an ordinance prohibiting the sale or distribution of any publication containing notices or information concerning races, betting odds, and favorite horses, etc.

The temporary injunction issued by the Common Pleas was dismissed by the Court of Appeals and judgment was rendered in favor of the city.

The Supreme Court in chambers granted temporary injunction with the qualification that said injunction should not apply to papers devoted exclusively to horse racing.

Solomon in the Supreme Court contends: that said ordinance is unconstitutional.

Attorneys—T. J. Herbert for Solomon; C. Shuler and J. O. Smith for City; all of Cleveland.